'IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALBERETTA WILLIAMS, § | | |
| § | | |
| *Plaintiff,* § | | SA-18-CV-00954-FB |
| § | | |
| vs. § | | |
| § | | |
| DEUTSCHE BANK NATIONAL TRUST § | | |
| COMPANY, AS INDENTURE § | | |
| TRUSTEE, ON BEHALF OF THE § | | |
| HOLDERS OF THE ACCREDITED § | | |
| MORTGAGE LOAN TRUST 2006-1, § | | |
| ASSET BACKED NOTES; § | | |
| § | | |
| *Defendant.* § | | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendant's Motion for Summary Judgment [#13]. All dispositive pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#5]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). In making this recommendation, the undersigned has also considered Plaintiff's Response [#15] and Defendant's Reply [#19]. For the reasons set forth below, it is recommended that Defendant's Motion [#13] be **GRANTED**.

**I. Procedural Background**

This lawsuit concerns property located at 8523 Tanbark Drive, San Antonio, Texas 78240 ("the Property"). Plaintiff Albertetta Williams filed her Original Petition in the 285th Judicial District Court for Bexar County, Texas, in August 2018 in an attempt to stop the foreclosure of

1

the Property. (Orig. Pet. [#1-1] at 11–24.) Williams alleges that Defendant Deutsche Bank National Trust Company, as Indenture Trustee, on Behalf of the Holders of the Accredited Mortgage Loan Trust 2006-1, Asset Backed Notes ("Deutsche Bank") has notified Williams of its intent to foreclose on the Property but lacks legal authority to do so. (*Id.* at 11–24.) Williams seeks a declaratory judgment that the lien on the Property is void and Deutsche Bank is barred from foreclosure because more than four years have passed since Deutsche Bank's February 11, 2014 acceleration in violation of Section 16.035 of the Texas Civil Practices and Remedies Code. (*Id.* at 16.) Williams also asks the Court to quiet title to the Property in her name. (*Id.* at 16–17.) Finally, Williams contends Deutsche Bank is liable for violations of the Deceptive Trade Practices Act ("DTPA") and Texas Fair Debt Collection Practices Act ("TDCA"). (*Id.* at 17–18.)

Deutsche Bank removed Williams's Petition to this Court on the basis of diversity jurisdiction. (Notice of Removal [#1].) Deutsche Bank now seeks summary judgment as to all claims asserted by Williams in this action. Deutsche Bank contends that Williams's claims fail as a matter of law because she contractually surrendered any interest in the Property and agreed not to contest foreclosure. As to Williams's limitations argument, Deutsche Bank maintains that it abandoned any acceleration prior to the expiration of the statute of limitations with respect to the 2014 foreclosure notice, meaning a new limitations period began when it issued a new notice of default. The motion is ripe for the Court's review.

## II.  Summary Judgment Standard and Record

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Catrett*, 477 U.S. at 323. Once the movant carries its burden, the burden shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court will view the competent, admissible summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

"After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Westphal*, 230 F.3d at 174. However, if the party moving for summary judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact, the motion must be denied, regardless of the nonmovant's response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

**A.      Objection to Plaintiff's Summary Judgment Evidence**

Deutsche Bank challenges certain evidence proffered by Williams as inadmissible. Williams's summary judgment evidence contains a notice of default from 2009, as well as correspondence from both Deutsche Bank and its predecessor mortgagee from 2010 to 2013 regarding Williams's default and the mortgagees' intent to accelerate Williams's loan that are not included in Deutsche Bank's summary judgment evidence. (*See* Notices [#15-7, #15-8].) Deutsche Bank challenges this evidence as inadmissible for lack of authentication. (Reply [#19] at 6.)

Rule 901 of the Federal Rules of Evidence requires that all evidence be authenticated as a condition precedent to its admissibility. Fed. R. Evid. 901(a); *United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009) (quoting Fed. R. Evid. 901) ("Evidence must be authenticated 'to support a finding that the matter in question is what its proponent claims.'"). *See also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2722, at 382–84 (3d ed. 1998) ("To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.")

Williams's summary judgment evidence is not supported by any affidavit or declaration authenticating the correspondence she offers to the Court. Williams "must do more than simply attach documents to her Response and ask the Court to accept them at face value." *Lyons v. Ocwen Loan Servicing, LLC*, No. A-12-CA-1018-SS, 2013 WL 12108677, at *2 (W.D. Tex. Oct.

18, 2013). Accordingly, the Court finds Williams's evidence to be inadmissible as unauthenticated.[1]

B.     **Facts Established by the Admissible Summary-Judgment Evidence**

The summary judgment record before the Court establishes the following undisputed facts. Williams executed an adjustable rate note ("the Note") in the original principal amount of $118,640 on December 6, 2005. (Maynes Decl. [#13-2] at ¶ 5; Note [#13-2] at 8–12.) Together with her husband Christopher Williams, she also executed a deed of trust ("Deed of Trust") securing repayment of the Note with the Property (collectively "the Loan"). (Maynes Decl. [#13-2] at ¶ 5; Deed of Trust [#13-3] at 2–17.) Williams first defaulted on the Loan in 2010. (Maynes Decl. [#13-2] at ¶ 6.)

The Deed of Trust was assigned to Deutsche Bank on August 31, 2012. (Assignment [#13-4] at 2–4.) As a result of the default, Select Portfolio Servicing, Inc ("SPS"), Deutsche Bank's mortgage servicer, mailed Williams a notice of default and intent to accelerate dated March 29, 2013. (Maynes Decl. [#13-2] at ¶ 6; Notice of Default [#13-2] at 13–19.) The notice was sent by certified mail to the Property, Williams's last known address, and informed Williams of her default and of Deutsche Bank's intent to accelerate the Loan if Williams failed to cure the default within 30 days. (Maynes Decl. [#13-2] at ¶ 6; Notice of Default [#13-2] at 13–19.)

Williams did not cure the default within the allotted time period, and Deutsche Bank—through its foreclosure counsel—mailed Williams and her husband a notice of acceleration dated February 11, 2014 to the Property's address. (Maynes Decl. [#13-2] at ¶ 7; Frazier Decl. [#13-5] at ¶ 4; Declaration of Mailing [#13-5] at 6.) The notice informed Williams and her husband that

---

[1] However, even if the evidence were admissible, it would not alter the Court's conclusion that Deutsche Bank is entitled to summary judgment, for the reasons stated herein.

5

Deutsche Bank had accelerated the Loan and the Property would be sold at an April 1, 2014 foreclosure sale. (Frazier Decl. [#13-5] at ¶ 4; Notice [#13-5] at 7–12.)

Williams responded by filing a lawsuit in state court challenging the noticed foreclosure and obtained an ex parte temporary restraining order to prevent the April 1, 2014 foreclosure. *See Williams v. Deutsche Bank Nat'l Trust Co.*, No. 2014-CI-05120, 438th Dist. Court, Bexar Cnty., Tex. (Mar. 28, 2014). The parties settled the lawsuit in September 2016. (Maynes Decl. [#13-2] at ¶ 8.) On September 7, 2016, SPS sent Williams a "Notice of Rescission of Acceleration" advising her that "SPS hereby gives notice of rescission of the acceleration of the maturity of the Note . . . dated September 18, 2012." (Notice [#13-7] at 9.) The notice was mailed to the Property address and was also sent to Williams's counsel of record in the prior lawsuits and this lawsuit via email.[2] (Notice [#13-7] at 9; Davis Decl. [#13-7] at ¶ 5.) The notice further advised that it did "not affect SPS's right to accelerate the maturity date of the debt in the future, nor does it waive past defaults." (Notice [#13-7] at 9.)

Under the settlement agreement,[3] Williams agreed to vacate the Property by January 31, 2017 and leave the Property "in broom-swept, clean condition, without damage, free of personal possessions, accumulations, or debris . . . ." (Settlement Agreement [#13-2] at 32, 33, ¶¶ 3A, 3C.) If Williams complied with these conditions, SPS agreed to pay Williams $8,000. (Settlement Agreement [#13-2] at 32–39, ¶ 3A.) However, Williams was informed she would not be entitled to the settlement payment "if the Property [was] not left in broom-swept condition and free from damage, other than normal wear and tear." (Settlement Agreement [#13-2] at 33 ¶

---

[2] Williams argues in her response that there is no evidence the acceleration notice was ever mailed, yet the sworn declaration accompanying the record maintains that it was. This contention is addressed *infra*.

[3] The settlement agreement is confidential but disclosure is permitted where "necessary to enforce the terms of this Agreement." (Settlement Agreement [#13-2] at 35, ¶ 3O.)

3C.) As part of the settlement, Williams also "surrender[ed] any interest in the Property . . . and agree[d] not to interfere with or contest foreclosure of the Property in any way" and released "all state or federal claims . . . arising from or related to . . . the Property . . . ." (Settlement Agreement [#13-2] at 33, 34 ¶¶ 3B, 3G.) The Agreement further provided that any alternations to the Agreement must be in writing. (Settlement Agreement [#13-2] at 36, ¶ 3P.)

Williams failed to surrender the Property in accordance with the settlement agreement by January 31, 2017. (Maynes Decl. [#13-2] at ¶ 9.) On January 26, 2017 via an email to Deutsche Bank's counsel Williams requested "two more weeks to vacate" the Property, which would have moved the deadline to February 14, 2017. (Jan. 26, 2017 email [#13-7] at 6.) Deutsche Bank's counsel emailed Williams to confirm she had vacated the Property on February 17, 2017 and again sent an email asking Williams the same on March 9, 2017. (Feb. 17, 2017 and Mar. 9, 2017 emails [#13-7] at 5–6.) Williams responded on March 10, 2017 that she had not yet vacated. (Mar. 10, 2017 email [#13-7] at 5.) Although Deutsche Bank's counsel responded it would not take action to evict Williams prior to March 31, 2017, no written amendment was ever executed regarding the extension. (Mar. 15, 2017 email [#13-7] at 5; Davis Decl. [#13-7] at 3, ¶ 4.)

When Williams finally did vacate the Property, it was not in the condition required by the Agreement. (Maynes Decl. [#13-2] at ¶ 9.) SPS retained Safeguard Properties to inspect and secure the Property after Williams's departure. (Maynes Decl. [#13-2] at ¶ 9; Safeguard Work Order Update [#13-2] at 41–73.) The inspection revealed that Williams left large piles of trash and debris in the yard and left the property with missing and/or damaged drywall, ceilings, and flooring throughout the Property due to "mortgagor neglect." (Maynes Decl. [#13-2] at ¶ 9; Safeguard Work Order Update [#13-2] at 45–46, 48.) The cost of repairs was estimated at

$8,300. (Safeguard Work Order Update [#13-2] at 46.) Because Williams did not comply with the conditions of the Agreement, SPS did not tender the $8,000 settlement payment. (Maynes Decl. [#13-2] at ¶ 9.)

After Williams vacated the Property, SPS sent a new notice of default and intent to accelerate dated August 3, 2017. (Maynes Decl. [#13-2] at ¶ 10; Notice of Default [#13-2] at 20–30.) The notice was sent by certified mail to the Property address and informed Williams of her default and of Deutsche Bank's intention to accelerate the Loan if Williams failed to cure the default within 30 days. (Maynes Decl. [#13-2] at ¶ 10; Notice of Default [#13-2] at 20–30.) Court records from the United States Bankruptcy Court indicate that Williams filed a voluntary petition for bankruptcy under Chapter 13 of the Bankruptcy Code on September 21, 2017, but the case was dismissed for failure to make plan payments on March 1, 2018. (Bankruptcy Docket [#13-6] at 2–7.) Williams again did not cure the default, and Deutsche Bank mailed Williams and her husband a notice of acceleration dated July 27, 2018. (Frazier Decl. [#13-5] at ¶ 5; Declaration of Mailing [#13-5] at 14.) This notice was also sent to the Property address and informed Williams that Deutsche Bank had accelerated the Loan and the Property was scheduled to be sold at a September 4, 2018 foreclosure sale. (Frazier Decl. [#13-5] at ¶ 5; Notice [#13-5] at 15–17.) Williams filed this lawsuit to prevent the scheduled September 4, 2018 foreclosure sale.

### III. Analysis

Deutsche Bank asks the Court to award it summary judgment on all claims asserted by Williams in her Original Petition on the basis that Williams surrendered any interest in the Property and released all claims related the Property as a result of the parties' settlement agreement. Deutsche Bank further contends that Williams's limitations theory fails as a matter

8

of law because the summary judgment record establishes that Deutsche Bank rescinded and abandoned the February 2014 acceleration prior to the expiration of the statute of limitations. Finally, insofar as Williams is attempting to assert claims related to Deutsche Bank's failure to pay her $8,000 under the settlement agreement, Deutsche Bank argues this claim would fail due to Williams's failure to satisfy the contractual preconditions to payment. For the reasons set forth below, the undersigned will recommend that the District Court grant Deutsche Bank's motion.

A. **Williams's Original Petition does not assert a claim related to non-payment under the parties' Settlement Agreement, and any such claim would fail for failure to satisfy the contractual preconditions to payment.**

Williams's Petition states that Deutsche Bank did not issue the $8,000 payment in accordance with the parties' settlement agreement when she vacated the Property in its recitation of the background facts at issue in this lawsuit. (Orig. Pet. [#1-1] at ¶ 11.) However, Williams does not assert any cause of action, such as breach of contract, with respect to this allegation. Rather, all of Williams's causes of action contest the legality of the foreclosure. Williams cannot now recharacterize and expand the scope of her pleadings through her summary judgment response. Even if the Court were to construe her Petition as advancing this claim, Williams's breach of contract claim would fail because the record establishes that she failed to timely vacate the Property and did not leave the Property in the condition required by the Agreement.

The settlement agreement required Williams to vacate the Property by January 31, 2017 and leave the Property "in broom-swept, clean condition, without damage, free of personal possessions, accumulations, or debris . . . ." (Settlement Agreement [#13-2] at 32, 33, ¶¶ 3A, 3C.) If Williams complied with these conditions, SPS agreed to pay Williams $8,000. (Settlement Agreement [#13-2] at 32–39, ¶ 3A.) The record establishes that there was email

9

correspondence between Williams and Deutsche Bank's counsel regarding various requests for extension of time to vacate the Property and that Deutsche Bank's counsel ultimately told Williams there would not be an eviction prior to March 31, 2017. (Jan. 26, 2017 email [#13-7] at 6; Feb. 17, 2017 and Mar. 9, 2017 emails [#13-7] at 5–6; Mar. 15, 2017 email [#13-7] at 5.) Yet there was never any written amendment to the parties' contract regarding the extension, and it remains undisputed that Williams did not vacate the Property by January 31, 2017. (Davis Decl. [#13-7] at 3, ¶ 4.) Additionally, the summary judgment record contains images of the significant damage to Williams's property and the trash and debris left on site upon her departure, as well as the estimate by Safeguard Properties for repairs in the amount of $8,300. (Safeguard Work Order Update [#13-2] at 41–73.)[4] Williams argues that this damage was normal wear and tear over the course of her habitation of the Property, but she provides the Court with no summary judgment evidence that she left the Property in "broom-swept, clean condition, without damage." (Response [#15] at ¶ 29, Williams Aff. [#15-4] at 3.) In fact, Williams admits she left trash on the Property, but she states that she left it on the curbside. (Williams Aff. [#15-4] at 3.) The photographic evidence establishes otherwise. In sum, there is not evidence in the record that would allow a reasonable factfinder to conclude that Williams satisfied her preconditions to receiving the $8,000 settlement payment (only that Deutsche Bank agreed not to evict her for her untimely departure); and even if there were, Williams failed to sufficiently plead a cause of action related to these allegations.

---

[4] Williams challenges this report as inadmissible hearsay. (Response [#15] at ¶ 6.) Deutsche Bank maintains the inspection report is a business record and therefore admissible as non-hearsay under Rule 803(6) of the Federal Rules of Evidence. The summary judgment record contains the Declaration of Daniel Maynes, Document Control Officer of SPS, who swears to the report being a business record of SPS. (Maynes Decl. [#13-2] at ¶¶ 2–3.) The report is not hearsay.

**B. Williams's statute of limitations argument is not a valid basis to contest foreclosure because the record establishes Deutsche Bank rescinded or abandoned earlier acceleration notices, making the notice of September 4, 2018 foreclosure sale timely.**

Williams's primary basis for contesting the noticed foreclosure is her argument that the limitations period has expired on Deutsche Bank's authority to foreclose on the Property. The summary judgment record establishes that Williams's limitations argument is without merit because Deutsche Bank rescinded or abandoned earlier acceleration notices, making the September 4, 2018 foreclosure sale timely.

Under Texas law, "[a] person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property not later than four year after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.035(a)). "If a series of notes or obligations or a note or obligation payable in installments is secured by a real property lien, the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment." *Id.* at § 16.035(e). However, when a loan secured by real property has an acceleration clause, a cause of action for non-judicial foreclosure accrues "when the holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). "On the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void." Tex. Civ. Prac. & Rem. Code § 16.035(d).

Williams's entire lawsuit is premised on the argument that Deutsche Bank "is barred from foreclosing because it has been more than four years from the date of acceleration pursuant to § 16.035 of the Texas Civil Practices and Remedies Code." (Orig. Pet. [#1-1] at ¶ 23; *see also id.* at ¶ 25.) The acceleration notice to which Williams refers in her Original Petition is the February 2014 notice. (Orig. Pet. [#1-1] at ¶ 13.) Yet the summary judgment record establishes

11

that Deutsche Bank rescinded the February 2014 acceleration in writing on September 7, 2016, such that the new acceleration notice dated August 3, 2017 began the statute of limitations anew. (Notice [#13-7] at 9; Notice [#13-2] at 20–30.)

Texas law provides that "[i]f the maturity date of a series of notes or obligations or a note or obligation payable in installments is accelerated, and the accelerated maturity date is rescinded or waived in accordance with this section before the limitations period expires, the acceleration is deemed rescinded and waived and the note, obligation, or series of notes or obligations shall be governed by Section 16.035 as if no acceleration had occurred." Tex. Civ. Prac. & Rem. Code § 16.038(a). Rescission is effective by written notice by first class or certified mail by the lienholder, the servicer of the debt, or an attorney representing the lienholder on each debtor who is obligated to pay the debt. *Id.* at § 16.038(b), (c). The notice of rescission in the record before the Court complies with these statutory provisions in that it was sent by an attorney representing SPS, servicer for Deutsche Bank the lienholder, to both Williams and her husband well within the four-year limitations period. (Notice [#13-7] at 9.) The notice further advised that it did "not affect SPS's right to accelerate the maturity date of the debt in the future, nor does it waive past defaults." (Notice [#13-7] at 9.)

Williams argues that there is no conclusive evidence in the record that this rescission notice was actually mailed, and she claims she did not receive it. (Resp. [#15] at ¶ 55.) By statute "[t]he affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." Tex. Civ. Prac. & Rem. Code § 16.038(c). The record contains a declaration by Matthew H. Davis, a partner with the law firm of Locke Lord LLP responsible for sending the rescission notice on behalf of Deutsch Bank. (Davis Decl. [#13-7] at ¶ 2.) According to Davis, his law firm mailed Williams a notice of rescission and

acceleration on September 7, 2016 and emailed a copy to her counsel. (Davis Decl. [#13-7] at ¶ 5.) The copy of the notice, which Davis swears is true and correct, contains a notation that it was mailed via regular and certified mail and contains a certified mail tracking number. (Notice [#13-7] at 9.) Based on the sworn declaration of Davis, the Court finds that the notice of rescission was mailed either via first class or certified mail or both, in compliance with the statutory requirements, and this is prima facie evidence of service of the notice.

Even if this rescission were not served or effective, the Court finds that Deutsche Bank abandoned any previous notice of acceleration by sending subsequent notices of default throughout the parties' relationship. The Fifth Circuit has interpreted Texas law as holding that a lender waives an earlier acceleration by sending a subsequent notice of default and requesting payment on less than the full amount of the loan. *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 106 (5th Cir. 2015). This unilateral conduct of the lender is sufficient to abandon acceleration and restore the loan's original maturity date. *Id.*

In her response to Deutsche Bank's summary judgment motion, Williams directs the Court to additional acceleration notices that preceded the February 2014 notice, arguing that Deutsche Bank first accelerated her loan in January 2010, meaning the foreclosure had to occur by January 2014. (Response [#15] at ¶ 9.) The undersigned has already concluded that the January 2010 acceleration notice has not been properly authenticated so as to be competent summary judgment evidence. But even if it were, the undisputed evidence submitted by Deutsche Bank contains an authenticated March 29, 2013 notice of default and intent to accelerate. (Maynes Decl. [#13-2] at ¶ 6; Notice of Default [#13-2] at 13–19.) This notice therefore had the effect of waiving any January 2010 acceleration under *Boren*. As to the February 11, 2014 acceleration, which is also undisputed, the record establishes that SPS sent

Williams a new notice of default and intent to accelerate on August 3, 2017 while the four-year statute of limitations on the 2014 acceleration continued to run. (Maynes Decl. [#13-2] at ¶ 10; Notice of Default [#13-2] at 20–30.)

Williams attempts to argue that these notices did not unilaterally waive or abandon the prior accelerations because Deutsche Bank never sought payment on less than the full amount of the loan, as required in *Boren*, and the underlying deed of trust contains a non-waiver provision prohibiting the abandonment of acceleration. (Resp. [#15] at ¶¶ 41–44.) The deed of trust indeed contains a provision stating that that "acceptance of payments . . . in amounts less than the amount then due . . . shall not be a waiver of or preclude the exercise of any right or remedy." (Deed of Trust [#13-3] at ¶ 12.) Yet the Fifth Circuit has consistently interpreted such language, which is standard in many deeds of trust, as not precluding the lender's ability to abandon an existing acceleration but rather reserving the lender's rights under the agreement if the lender chooses to waive its right to accelerate in the future. *Ocwen Loan Servicing, L.L.C. v. REOAM, L.L.C.*, 755 Fed. App'x 354, 357 (5th Cir. 2018) ("[T]he provision's preservation of Ocwen's lender's right to accelerate in the future did not affect its ability to abandon an existing acceleration."); *see also Justice v. Wells Fargo Bank Nat'l Ass'n*, 674 Fed. App'x 330, 335 (5th Cir. 2016). Williams's argument to the contrary is unavailing under these precedents, and Deutsche Bank is permitted to abandon an existing acceleration despite the existence of a non-waiver clause in the deed of trust.

Regarding whether Deutsche Bank's actions evidence an intent to abandon or waive previous accelerations under this standard, the record contains a notice of default dated March 29, 2013 that seeks a total of $40,887.37 to cure (the amount due as of the date of the letter) and provides Williams with 30 days to do so or "the Noteholder will accelerate all payments owing

14

on your Note . . . in full." (Mar. 29, 2013 Notice [#13-2] at 16–17.) The August 3, 2017 notice states the same, requesting $101,724.01 to cure within 30 days (the amount due as of the date of the letter) or face acceleration of all payments owed in full. (Aug. 3, 2017 Notice [#13-2] at 22–23.) As previously stated, "[t]he request for payment of less than the full obligation—after initially accelerating the entire obligation—[is] an unequivocal expression of the bank's intent to abandon or waive its initial acceleration." *Martin v. Fed. Nat. Mortg. Ass'n*, 814 F.3d 315, 318 (5th Cir. 2016). These notices, "requesting only the past due amounts, substantially less than the full amount owed," therefore acted as an abandonment of any earlier acceleration. *See Calderon v. Bank of New York Mellon as Tr. for Certificateholders of CWABS, Inc., Asset-Backed Certificates Series 2006-22*, 791 Fed. App'x 453 (5th Cir. 2019). Williams's argument that the record does not establish that Deutsche Bank ever requested an amount less than the total amount due on the loan is without merit.

In summary, Deutsche Bank rescinded or unilaterally abandoned any earlier acceleration of the note, and Williams's limitations argument fails as a matter of law based on the summary judgment record before the Court. As Williams's limitations argument fails on this basis, the Court need not consider Deutsche Bank's additional argument that all of Williams's claims in this lawsuit are barred by the settlement and release contained in the parties' September 2016 settlement agreement. Because limitations is the basis for all of Williams's claims—her request for declaratory judgment and to quiet title and her claims under the DTPA and TDCA, Deutsche Bank is entitled to summary judgment on these claims.

**C.     Williams does not identify any other basis for her claims under the DTPA and TDCA.**

Deutsche Bank also argues that Williams has not otherwise alleged a claim under the DTPA, and the undersigned agrees. To qualify as a consumer under the DTPA, a party must (1)

15

must seek or acquire goods or services by purchase or lease, and (2) the goods or services purchased or leased must form the basis of the complaint. *See* Tex. Bus. & Com. Code § 17.45(4); *Sherman Simon Enters., Inc. v. Lorac Serv. Corp.*, 724 S.W.2d 13, 15 (Tex. 1987). A mortgagor is not a consumer if "the basis of her claim is the subsequent loan servicing and foreclosure activities, rather than the goods or services acquired in the original transaction." *Rojas v. Wells Fargo Bank, N.A.*, 571 Fed. App'x 274, 279 (5th Cir. 2014). Even if Williams could be a consumer under the statute, she has not produced any evidence that Deutsche Bank engaged in false, misleading, or deceptive acts that could be actionable under the DTPA. Deutsche Bank is entitled to summary judgment on this claim.

As for Williams's claim under the TDCA, Williams identifies two statutory provisions in her Petition regarding this claim—Sections 392.301(a)(3) and 392.304(a)(8). (Orig. Pet. [#1-1] at ¶¶ 29–30.) Section 392.301(a)(3) prohibits a debt collector from using "threats, coercion, or attempts to coerce" a consumer who is willingly refusing to pay a consumer debt when the debt is in dispute and the consumer has notified the debt collector in writing of the dispute. Section 392.304(a)(8) prohibits mortgage servicers from making misrepresentations about a debt. *Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 832 (5th Cir. 2015). Williams does not identify any threats, coercive actions, or misrepresentations made by Deutsche Bank in her Petition; nor has she produced any competent summary judgment evidence supporting her conclusory allegations. Thus, Williams cannot prevail on these claims as a matter of law, and Deutsche Bank is entitled to summary judgment.

**D.     Williams's request for leave to amend should be denied.**

In her response to Deutsche Bank's motion, Williams asks the Court for leave to amend her pleadings. Under the Court's Local Rules, when a party seeks leave to file an amended

pleading, the party is required to submit the proposed amended pleading to the Court for consideration. *See* Local Rule CV-7(b). Williams did not do so in this case. While amendment of pleadings is generally permissible early in a case, courts are not required to permit amendment if amendments cannot cure pleadings defects. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (a court may deny leave to amend where amendment would be futile). That is, of course, why the Court's Local Rules require the submission of the proposed amended pleading at the time leave to amend is requested—so that the proposed amendments can be evaluated to ascertain whether they are futile or cure some or all defects. Because Williams has not submitted his proposed amended pleading, the undersigned is unable to evaluate whether a supplemental pleading would cure any of the deficiencies outlined in this Report and Recommendation. The Court will therefore deny the request for leave to amend.

## IV. Conclusion and Recommendation

Having considered Deutsche Bank's motion, the response and reply thereto, the summary judgment record, and the governing law, the undersigned recommends that Defendant's Motion for Summary Judgment [#13] be **GRANTED**.

## V. Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing

17

objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 19th day of February, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE
SIGNED this 19th day of February, 2020.